IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF: | * | NO.   15-12570 |
| | * | |
| **SIDNEY L. SHUSHAN** | * | SECTION A |
| **CANDIDA F. SHUSHAN** | * | |
| | * | CHAPTER 7 |
| *Debtors* | * | |

\* \* \* \* \* \* \*

## ORDER

Trustee's Application for Authority to Sell Property at Private Sale Free and Clear of All Liens, Claims and Encumbrances, came on for hearing on the 16th day of August, 2016.

Appearances:

Wilbur J. Babin, Jr., Trustee;
Robin Byrd, Bidder; and
Mr. Villarejos, on behalf of Desireeʹ Villarejos, Bidder

The Court considering all notice and hearing requirements of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable law having been satisfied and further considering the Objection/Higher Offer [P-68] and the law and evidence to be in favor of trustee:

**IT IS HEREBY ORDERED** that Trustee's Application for Authority to Sell Property at Private Sale Free and Clear of All Liens, Claims and Encumbrances be and the same is hereby granted;

**IT IS FURTHER ORDERED** that trustee be and he is hereby authorized to sell the debtor's one hundred (100%) percent interest in Unit 1001 of the Riverwood Condominium at municipal address 2301 Edenborn, Metairie, LA ("Unit 1001"), more particularly described on Exhibit "A" attached hereto, to Desiree R. Villarejos, her assignee or designee, for and in consideration of the payment of THIRTY-SIX THOUSAND AND NO/100 ($36,000.00) DOLLARS;

**IT IS FURTHER ORDERED** that Desiree R. Villarejos shall close the sale on or before thirty (30) days after the signing of this Order;

**IT IS FURTHER ORDERED** that should Desiree R. Villarejos fail to close the sale on or before thirty (30) days after the signing of this Order, trustee shall be authorized to sell the above described property to Robin Byrd, her assignee or designee, for and in consideration of the payment of THIRTY-FIVE THOUSAND AND NO/100 ($35,000.00) DOLLARS;

**IT IS FURTHER ORDERED** that trustee be and he is hereby authorized to return Robin Byrd's deposit in the amount of THREE THOUSAND AND NO/100 ($3,000.00) DOLLARS;

**IT IS FURTHER ORDERED** that trustee be and he is hereby authorized to pay from the proceeds of said sale:

1. Usual and customary seller's closing costs including the cost to cancel all inscriptions against the property;
2. Property taxes prorated through the date of sale; and
3. Riverwood Condominium Association, LLC fees through the date of sale in the approximate amount of SIX THOUSAND THREE HUNDRED FIFTY-ONE AND 31/100 ($6,351.31) DOLLARS;

**IT IS FURTHER ORDERED** that the balance of the proceeds, less and except a $5,000.00 plus 10% of the purchase price over $30,000.00 (currently $600.00) carve out for the Bankruptcy Estate shall be paid to Ajubita, Lefwich & Salzer, LLC in full satisfaction of that mortgage recorded on January 18, 2011 at Instrument No. 11102373 and Mortgage Book 4472 Page 372 of the mortgage records of the Parish of Jefferson, State of Louisiana, which the sheriff and ex officio recorder of mortgages of Jefferson Parish shall be authorized to cancel upon payment of the purchase price;

**IT IS FURTHER ORDERED** that Ajubita, Lefwich & Salzer, LLC shall retain an unsecured claim for the balance of the debt owed to;

**IT IS FURTHER ORDERED** that said property shall be sold "as is, where is" with no warranty whatsoever except as to clear title;

**IT IS FURTHER ORDERED** that said property shall be sold free and clear of all liens, claims and encumbrances in so far as they bear against the property referred to herein. Any liens, claims and encumbrances, except those set forth above, shall be relegated to the proceeds of the sale of said property to be paid in accordance with the provisions of the U.S. Bankruptcy Code, and all such liens, claims, and encumbrances shall be canceled upon payment of the purchase price and the sheriff and ex officio recorder of mortgages of Jefferson Parish be and he is hereby authorized to cancel any such inscriptions in so far as they bear against the property referred to herein;

**IT IS FURTHER ORDERED** that the sheriff and ex officio recorder of mortgages of Jefferson Parish be and he is hereby specifically authorized to cancel the inscription of that tax lien against Sidney Shushan in favor of the U.S. Internal Revenue Service in the amount of $38,507.35 recorded August 15, 2012 at Instrument #11238786 and Mortgage Book 4541 Page 676 of the mortgage records of the Parish of Jefferson, State of Louisiana but only in so far as it bears against the property referred to herein;

**IT IS FURTHER ORDERED** that trustee be and he is hereby authorized to execute any and all documents necessary to effect said sale under the above mentioned terms and conditions.

**IT IS FURTHER ORDERED** that movant shall serve a copy of this Order on the required parties who will not receive notice through the ECF System pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, August 22, 2016.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

THAT CERTAIN CONDOMINIUM PARCEL, consisting of UNIT NO. 1001 of THE RIVERWOOD CONDOMINIUM, together with the undivided interest in the Common Elements of the Condominium Declaration executed by Goldsmith-Hernandez Kerry Apartments, by an act before Henry O'Connor, Jr., N.P., dated December 11, 1981, filed for record in the office of the Clerk of Court for Jefferson Parish, Louisiana on December 15, 1981, under Entry No. 996005, in COB 1016, folio 762. The Riverwood Condominium is situated upon Plots 111 and 112, Hessmer Farms Subdivision, Parish of Jefferson, State of Louisiana, and bears the Municipal No. 2301 Edenborn Avenue and acquired at Sheriff's Sale, 24th JDC proceedings #351-453, in the matter entitled First Financial Bank, FSB vs. Stephen D. Simon, per act dated March 16, 1988, filed April 19, 1988, registered in COB 1935, folio 115, under Entry No. 88-16907, Jefferson Parish, Louisiana.

Together with all the buildings and improvements situated on the above-described immovable property and all appurtenances, rights, ways, privileges, servitudes, prescriptions and advantages thereunto belonging or in anywise appertaining, including, but without limitation, all component parts of the above-described immovable property, and all component parts of any building or other construction located on the above-described immovable property, now or hereafter a part of or attached to said immovable property or used in connection therewith (said immovable property, together with said buildings and improvements and other rights, privileges and interests encumbered or conveyed hereby collectively referred to as the "Premises").

The Premises have a municipal address of 2301 Edenborn Avenue, Unit No. 1001, Metairie, Jefferson Parish, Louisiana.

Further together with the right to receive proceeds attributable to the insurance loss of the Premises, all as provided in Louisiana Revised Statutes 9:5386.



EXHIBIT "A"