**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:** | **Case No. 15-12570** |
| **Candida Shushan**<br>**Sidney Shushan** | Section A |
| Debtor(s) | Chapter 7 |

**CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND GREAT OAKS REALTY TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

**Wilbur J. "Bill" Babin, Jr.**, as Chapter 7 Trustee (the "Trustee") for the above referenced debtor(s) (together, the "Debtor"), by and through the undersigned counsel, files this Application for entry of an order, substantially in the form attached hereto as *Exhibit A*, authorizing retention of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of Disinterestedness as *Exhibit B* (the "BKRES Affidavit") and (2) GREAT OAKS REALTY ("Listing Agent") under the terms of the agreement (the "Listing Agreement") attached to Listing Agent's Affidavit of Disinterestedness as *Exhibit C* (the "Listing Agent Affidavit"). In support thereof, the Trustee respectfully states as follows:

PRELIMINARY STATEMENT

Trustee requests approval to retain BKRES and local licensed Listing Agent (individually and collectively referred to as "Broker or Brokers"), at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay an 11 U.S.C. § 506 surcharge to provide a carveout for the benefit of the estate and pay all other sale expenses, including a 6% brokerage

1

commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as an 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carveout for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

3. On 10/05/2015, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5. The Trustee held and concluded the 341 meeting on 11/11/2015.

6. The Debtor is the sole owner of real property located at **271 Sauve Rd, River Ridge, LA 70123** (the "Property").

7. The Debtor has no equity in the Property. The Debtor's schedules reflect that the Property is currently worth $1,000,000.00, but is subject to a first mortgage lien (the "Senior Mortgage") in favor of Ocwen Loan Servicing (the "Secured Creditor") in an amount exceeding $504,367.79.

8. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to do the following, with the proviso that the hired professionals, BKRES and Local Agent, shall not participate in the sale and purchase of any estate property except as hired Brokers:

    a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

3

b. buy the Property from the Debtor's estate if (and only if) no such offer is made[2];

c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

d. agree to a 11 U.S.C. § 506 surcharge to pay all of the customary expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a meaningful carveout for the benefit of allowed unsecured creditors of the Debtor's estate.

9. The Trustee also has determined it to be in the best interest of the Debtor's estate and all creditors to request authorization to engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property and to reimburse the Brokers in a maximum amount not to exceed $500.00 for any approved reasonable, necessary out-of-pocket costs and expenses incurred by Brokers associated with property preservation, maintenance, and upkeep of the subject Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order.

10. Trustee expects BKRES and Listing Agent to obtain Secured Creditor's full, final and unconditional Consent and bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") within several months of the entry of the order sought by this Application.

---

[2] In the event that the Property is not sold to a third party, the Brokers will be paid in accordance with the non-third party sale terms of the BKRES Agreement and Listing Agreement.

11. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to **provide the necessary professional assistance and representation required by the Trustee to fulfill the Trustee's duties pursuant to 11 U.S.C. § 704 in order to** procure Secured Creditor's Consent, (b) engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property to facilitate the sale of the Property for the benefit of the Secured Creditor(s) and bankruptcy estate, (c) reimburse Brokers in the maximum amount not to exceed $500.00 for any approved, out-of-pocket costs incurred by Brokers associated with property preservation, maintenance, and upkeep of the subject Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order, and (d) approve Secured Creditor's payment of the fees described herein and below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

## APPLICATION

12. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee… or a professional person employed under section 327…(A) reasonable compensation for actual, necessary services rendered [by such party]… and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

13. As further described in the materials attached to their affidavits, BKRES[3] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity. [An expedited sale of the estate Property securing an allowed secured claim in this case pursuant to Section 363 of the Bankruptcy Code will enhance the bankruptcy relief sought by the Debtor(s), provide a recovery of value for the bankruptcy estate that will result in a meaningful distribution to unsecured creditors, and provide direct equitable benefits to the Secured Creditor in the following ways:

    a. in exchange for an expedited free and clear sale and realization of the current fair market value of the Property by the Secured Creditor, the Debtor's estate will be released from the Senior Mortgage and any deficiency claims resulting from the sale;

    b. an expedited free and clear sale of the Property will provide a loss mitigation option that enables the Secured Creditor and Debtors to avoid the substantial expense of foreclosure proceedings and the damaging impact of foreclosure on the financial recovery of the bankrupt Debtors and their ability to obtain future credit;

    c. an expedited free and clear sale of the Property will provide a negotiated cash payment as a meaningful recovery of value for the bankruptcy estate and the unsecured creditors;

---

[3] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

d. an expedited free and clear sale of the Property will eliminate the need for a foreclosure sale and enable the Secured Creditor to limit its expenses to legal costs, property preservation costs, insurance, and taxes; and,

e. the Debtors' voluntary surrender of the Property to the administration of the Trustee and the Secured Creditor's consent to the sale of the Property will enable the Trustee to use the forces of a free market to establish the true fair market value of the Property for the benefit of all interested and affected parties.]

14. The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is first obtained. That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

15. In no event will the estate have any obligation to pay BKRES or Listing Agent for their services, or to pay for customary title and closing services. The terms of the BKRES Agreement and Listing Agreement and this Application provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold[4], in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage

---

[4] In the event that the Property is not sold to a third party, the Brokers will be paid in accordance with the non-third party sale terms of the BKRES Agreement and Listing Agreement.

commission and obtain reimbursement of any out-of-pocket expenses and payment for all other expenses associated with the sale of the Property from the sale proceeds at closing in accordance with the order approving the sale.

16. BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

17. The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

18. BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as ***Exhibit B*** is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent, or a buyer's Agent, if applicable.

19. Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as ***Exhibit C*** is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES, or a buyer's Agent, if applicable.

## CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the

compensation arrangements set forth in the BKRES Agreement and Listing Agreement and this Application pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Date: 3/9/2018    Respectfully submitted,

*/s/ Wilbur J. "Bill" Babin, Jr.*
Wilbur J. "Bill" Babin, Jr. (1214)
TRUSTEE
3027 Ridgelake Drive
Metairie, LA   70002
Telephone No. 504-837-1230
Facsimile No.  504-832-0324