UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | ) |
| | ) |
| SHUSHAN, SIDNEY LEVIN | ) Case No. 15-12570 |
| SHUSHAN, CANDIDA FAIRFIELD | ) |
| | ) Chapter 7 |
| Debtor(s) | ) |
| | ) |

**TRUSTEE'S REPORT OF SALE**

The Trustee of the above referenced estate pursuant to F.R.B.P. 6004 (f) (1) presents the following Report of Sale:

1. The Trustee certifies that he obtained an Order (a copy of which is attached) authorizing the Trustee to sell Unit 1001 of the Riverwood Condominium located at municipal address 2301 Edenborn, Metairie, Louisiana 70001.

2. The property known as Unit 1001 of the Riverwood Condominium located at municipal address 2301 Edenborn, Metairie, Louisiana 70001, was sold to Michael A. Villarejos on September 15, 2016 for $36,000.00. Funds were disbursed pursuant to the Court's Order dated August 22, 2016 and as reflected in the attached Settlement Statement.

June 14, 2018 _____
Date                Wilbur J. "Bill" Babin, Jr., Trustee

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on June 14, 2018, a true copy of the foregoing was served by depositing same in the United States mail, postage prepaid and properly addressed to:

OFFICE OF THE UNITED STATES TRUSTEE
400 Poydras Street
Suite 2110
New Orleans, LA 70130

_____
Wilbur J. "Bill" Babin, Jr., Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF: | * | NO.   15-12570 |
| | * | |
| SIDNEY L. SHUSHAN | * | SECTION A |
| CANDIDA F. SHUSHAN | * | |
| | * | CHAPTER 7 |
| *Debtors* | * | |

\* \* \* \* \* \* \*

## ORDER

Trustee's Application for Authority to Sell Property at Private Sale Free and Clear of All Liens, Claims and Encumbrances, came on for hearing on the 16th day of August, 2016.

Appearances:

Wilbur J. Babin, Jr., Trustee;
Robin Byrd, Bidder; and
Mr. Villarejos, on behalf of Desiree' Villarejos, Bidder

The Court considering all notice and hearing requirements of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable law having been satisfied and further considering the Objection/Higher Offer [P-68] and the law and evidence to be in favor of trustee:

**IT IS HEREBY ORDERED** that Trustee's Application for Authority to Sell Property at Private Sale Free and Clear of All Liens, Claims and Encumbrances be and the same is hereby granted;

**IT IS FURTHER ORDERED** that trustee be and he is hereby authorized to sell the debtor's one hundred (100%) percent interest in Unit 1001 of the Riverwood Condominium at municipal address 2301 Edenborn, Metairie, LA ("Unit 1001"), more particularly described on Exhibit "A" attached hereto, to Desiree R. Villarejos, her assignee or designee, for and in consideration of the payment of THIRTY-SIX THOUSAND AND NO/100 ($36,000.00) DOLLARS;

**IT IS FURTHER ORDERED** that Desiree R. Villarejos shall close the sale on or before thirty (30) days after the signing of this Order;

**IT IS FURTHER ORDERED** that should Desiree R. Villarejos fail to close the sale on or before thirty (30) days after the signing of this Order, trustee shall be authorized to sell the above described property to Robin Byrd, her assignee or designee, for and in consideration of the payment of THIRTY-FIVE THOUSAND AND NO/100 ($35,000.00) DOLLARS;

**IT IS FURTHER ORDERED** that trustee be and he is hereby authorized to return Robin Byrd's deposit in the amount of THREE THOUSAND AND NO/100 ($3,000.00) DOLLARS;

**IT IS FURTHER ORDERED** that trustee be and he is hereby authorized to pay from the proceeds of said sale:

1. Usual and customary seller's closing costs including the cost to cancel all inscriptions against the property;
2. Property taxes prorated through the date of sale; and
3. Riverwood Condominium Association, LLC fees through the date of sale in the approximate amount of SIX THOUSAND THREE HUNDRED FIFTY-ONE AND 31/100 ($6,351.31) DOLLARS;

**IT IS FURTHER ORDERED** that the balance of the proceeds, less and except a $5,000.00 plus 10% of the purchase price over $30,000.00 (currently $600.00) carve out for the Bankruptcy Estate shall be paid to Ajubita, Lefwich & Salzer, LLC in full satisfaction of that mortgage recorded on January 18, 2011 at Instrument No. 11102373 and Mortgage Book 4472 Page 372 of the mortgage records of the Parish of Jefferson, State of Louisiana, which the sheriff and ex officio recorder of mortgages of Jefferson Parish shall be authorized to cancel upon payment of the purchase price;

**IT IS FURTHER ORDERED** that Ajubita, Lefwich & Salzer, LLC shall retain an unsecured claim for the balance of the debt owed to;

**IT IS FURTHER ORDERED** that said property shall be sold "as is, where is" with no warranty whatsoever except as to clear title;

**IT IS FURTHER ORDERED** that said property shall be sold free and clear of all liens, claims and encumbrances in so far as they bear against the property referred to herein. Any liens, claims and encumbrances, except those set forth above, shall be relegated to the proceeds of the sale of said property to be paid in accordance with the provisions of the U.S. Bankruptcy Code, and all such liens, claims, and encumbrances shall be canceled upon payment of the purchase price and the sheriff and ex officio recorder of mortgages of Jefferson Parish be and he is hereby authorized to cancel any such inscriptions in so far as they bear against the property referred to herein;

**IT IS FURTHER ORDERED** that the sheriff and ex officio recorder of mortgages of Jefferson Parish be and he is hereby specifically authorized to cancel the inscription of that tax lien against Sidney Shushan in favor of the U.S. Internal Revenue Service in the amount of $38,507.35 recorded August 15, 2012 at Instrument #11238786 and Mortgage Book 4541 Page 676 of the mortgage records of the Parish of Jefferson, State of Louisiana but only in so far as it bears against the property referred to herein;

**IT IS FURTHER ORDERED** that trustee be and he is hereby authorized to execute any and all documents necessary to effect said sale under the above mentioned terms and conditions.

**IT IS FURTHER ORDERED** that movant shall serve a copy of this Order on the required parties who will not receive notice through the ECF System pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, August 22, 2016.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

THAT CERTAIN CONDOMINIUM PARCEL, consisting of UNIT NO. 1001 of THE RIVERWOOD CONDOMINIUM, together with the undivided interest in the Common Elements of the Condominium Declaration executed by Goldsmith-Hernandez Kerry Apartments, by an act before Henry O'Connor, Jr., N.P., dated December 11, 1981, filed for record in the office of the Clerk of Court for Jefferson Parish, Louisiana on December 15, 1981, under Entry No. 996005, in COB 1016, folio 762. The Riverwood Condominium is situated upon Plots 111 and 112, Hessmer Farms Subdivision, Parish of Jefferson, State of Louisiana, and bears the Municipal No. 2301 Edenborn Avenue and acquired at Sheriff's Sale, 24th JDC proceedings #351-453, in the matter entitled First Financial Bank, FSB vs. Stephen D. Simon, per act dated March 16, 1988, filed April 19, 1988, registered in COB 1935, folio 115, under Entry No. 88-16907, Jefferson Parish, Louisiana.

Together with all the buildings and improvements situated on the above-described immovable property and all appurtenances, rights, ways, privileges, servitudes, prescriptions and advantages thereunto belonging or in anywise appertaining, including, but without limitation, all component parts of the above-described immovable property, and all component parts of any building or other construction located on the above-described immovable property, now or hereafter a part of or attached to said immovable property or used in connection therewith (said immovable property, together with said buildings and improvements and other rights, privileges and interests encumbered or conveyed hereby collectively referred to as the "Premises").

The Premises have a municipal address of 2301 Edenborn Avenue, Unit No. 1001, Metairie, Jefferson Parish, Louisiana.

Further together with the right to receive proceeds attributable to the insurance loss of the Premises, all as provided in Louisiana Revised Statutes 9:5386.

EXHIBIT A

**A. Settlement Statement**

U.S. Department of Housing and Urban Development

OMB Approval No. 2502-0265

| B. Type of Loan | | | | | |
|---|---|---|---|---|---|
| 1.☐ FHA  2.☐ RHS  3.☐ Conv. Unins. | 6. File Number  LV315-16 | | 7. Loan Number | | 8. Mortgage Insurance Case Number |
| 4.☐ VA  5.☐ Conv. Ins. | | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| Michael A. Villarejos<br>2205 Neyrey Drive<br>Metairie, LA 70001 | Succession of Ruth M. Shushan<br>C/O Wilbur J. Babin, Jr., Trustee<br>3027 Ridgelake Drive<br>Metairie, LA 70002 | CASH |

| G. Property Location | H. Settlement Agent |
|---|---|
| 2301 Edenborn Avenue, Unit 1001<br>Metairie, LA 70001 | Bayou Title Inc 504-283-3701<br>200 Robert E. Lee Blvd, New Orleans, LA 70124 |

| Place of Settlement | I. Settlement Date |
|---|---|
| 200 Robert E. Lee Boulevard<br>New Orleans, LA 70124 | 09/15/16<br>DD: 09/15/16 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | 36,000.00 | 401. Contract sales price | 36,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 929.60 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes    to | | 406. City/town taxes    to | |
| 107. County taxes    to | | 407. County taxes    to | |
| 108. Assessments    to | | 408. Assessments    to | |
| 109. Assessments 9/15 to 9/30 | 109.92 | 409. Assessments 9/15 to 9/30 | 109.92 |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 37,039.52 | 420. GROSS AMOUNT DUE TO SELLER | 36,109.92 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT TO SELLER | |
| 201. Deposit or earnest money | 3,000.00 | 501. Excess Deposit (see instructions) | 3,000.00 |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 872.50 |
| 203. Existing loan(s) taken subject to | | 503. Existing loans taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | 15,361.87 |
| | | Ajubita, Leftwich & Salzer, LLC | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. Tax Sale - Newell Normand Sheriff | 7,259.36 |
| 207. | | 507. Riverwood Condo Association | 6,567.16 |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes    to | | 510. City/town taxes    to | |
| 211. County taxes    01/01/16 to 09/15/16 | 449.03 | 511. County taxes    01/01/16 to 09/15/16 | 449.03 |
| 212. Assessments    to | | 512. Assessments    to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY / FOR BORROWER | 3,449.03 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 33,509.92 |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 37,039.52 | 601. Gross amount due to seller (line 420) | 36,109.92 |
| 302. Less amounts paid by/for borrower (line 220) | 3,449.03 | 602. Less reduction amount due to seller (line 520) | 33,509.92 |
| 303. CASH    FROM    BORROWER | 33,590.49 | 603. CASH    TO    SELLER | 2,600.00 |

| L. SETTLEMENT CHARGES: | | File Number: LV315-16 | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ | | @ | = | | |
| Division of commission (line 700) as follows: | | | | | |
| 701. $ | to | | | | |
| 702. $ | to | | | | |
| 703. Commission paid at Settlement | | | | | |
| 704. | | | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | P.O.C. | | |
| 801. Loan Origination Fee | % | | | | |
| 802. Loan Discount | % | | | | |
| 803. Appraisal Fee | to | | | | |
| 804. Credit Report | to | | | | |
| 805. Lender's Inspection Fee | to | | | | |
| 806. Mtg. Ins. Application Fee | to | | | | |
| 807. Assumption Fee | to | | | | |
| 808. | | | | | |
| 809. | | | | | |
| 810. | | | | | |
| 811. | | | | | |
| 812. | | | | | |
| 813. | | | | | |
| 814. | | | | | |
| 815. | | | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | | |
| 901. Interest from | to | @$ | /day | | |
| 902. Mortgage Insurance Premium | | to | | | |
| 903. Hazard Insurance Premium | | yrs. to | | | |
| 904. 1 yr. Flood Insurance Premium | | | | | |
| 905. | | | | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | | | |
| 1001. Hazard Insurance | mo. @$ | | / mo. | | |
| 1002. Mortgage Insurance | mo. @$ | | / mo. | | |
| 1003. City property taxes | mo. @$ | | / mo. | | |
| 1004. County property taxes | mo. @$ | | / mo. | | |
| 1005. Annual Assessments | mo. @$ | | / mo. | | |
| 1006. Flood Insurance | mo. @$ | | / mo. | | |
| 1007. | mo. @$ | | / mo. | | |
| 1008. Aggregate Reserve for Hazard/Flood Ins, City/Count | | | | | |
| 1100. TITLE CHARGES | | | | | |
| 1101. Settlement or closing fee | to | Bayou Title, Inc. (Legal) | | | 250.00 |
| 1102. Abstract or title search | to | Bayou Title, Inc (Cost) | | 150.00 | |
| 1103. Title examination | to | Bayou Title, Inc. (Legal) | | 175.00 | |
| 1104. Title insurance binder | to | | | | |
| 1105. Document preparation | to | Bayou Title, Inc. (Legal) | | 175.00 | |
| 1106. Notary fees | to | Bayou Title, Inc. (Legal) | 100.00W | | |
| 1107. Attorney's fees | to | Bayou Title, Inc. (Legal) | | | |
| (includes above item No: | | | ) | | |
| 1108. Title insurance | to | Bayou Title, Inc. (Legal)/WFG National Tit | | 229.60 | |
| (includes above item No: | | | ) | | |
| 1109. Lender's coverage | | | | | |
| 1110. Owner's coverage | 36,000.00 --- 229.60 | | | | |
| 1111. Courier | | Bayou Title, Inc. (Cost) | | 30.00 | 50.00 |
| 1112. Archive | | Bayou Title, Inc. (Cost) | | 45.00 | |
| 1113. Fees to Cancel Mtg & Tax Sale | | | | | 200.00 |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | | |
| 1201. Recording fees | Recording fees Bayou Title Inc | | | 125.00 | 100.00 |
| 1202. City/county/stamps | Deed $ | ; Mortgage $ | | | |
| 1203. State tax/stamps | Deed $ | ; Mortgage $ | | | |
| 1204. | | | | | |
| 1205. City of New Orleans | | | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | | | |
| 1301. Survey | to | | | | |
| 1302. Pest inspection | to | | | | |
| 1303. | | | | | |
| 1304. | | | | | |
| 1305. Cost of Certificates | | Bayou Title, Inc (Cost) | | | 187.50 |
| 1306. Certificates | | Bayou Title, Inc. (Legal) | | | 85.00 |
| 1307. | | | | | |
| 1308. | | | | | |
| 1400. TOTAL SETTLEMENT CHARGES | (enter on lines 103 and 502, Sections J and K) | | | 929.60 | 872.50 |

FINAL - 09-15-2016

form HUD-1 (3/86) ref Handbook 4305.2

## ADDENDUM TO HUD-1
## SETTLEMENT STATEMENT

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Succession of Ruth M. Shushan

_____  _____
By: Sidney L. Shushan, Independent     Michael A. Villarejos
    Administrator

_____  _____

_____  _____

Dated: September 15, 2016      Dated: September 15, 2016

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Bayou Title Inc.

_____     Dated: September 15, 2016
By: Katherine L. Richardson, Settlement Agent

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.